NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MITCHEL LUIS ZEGARRA-CARRION, AKA Mitchel L. Zegarra, AKA Mitchel Luis Zegarra; ROCIO CARMEN VERA, AKA Rocio Carmen Vera Chavez de Zegarra, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-71026 <br><br> Agency Nos.  A098-410-321 <br> A086-940-280 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Mitchel Luis Zegarra-Carrion and Rocio Carmen Vera, natives and citizens

of Peru, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen and terminate proceedings.  Our jurisdiction is

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and the denial of a motion to terminate, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen and terminate as untimely where it was filed more than eight years after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(3), and petitioners did not establish that equitable tolling was warranted where their contentions that the immigration court lacked jurisdiction over their proceedings are foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case"), *see Lona v. Barr*, 958 F.3d 1225, 1230-31 (9th Cir. 2020) (discussing, in part, the application of equitable tolling to deadlines on motions to reopen).

We lack jurisdiction to consider petitioners' contention that Zagarra-Carrion's allegedly defective notice of hearing violated his right to due process. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**